UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>THE MARK REAL ESTATE HOLDINGS, LLC,<br><br>Debtor. | Chapter 11<br>Case No. 25-20100 |

### ORDER DENYING THE UNITED STATES TRUSTEE'S
### MOTION TO DISMISS DEBTOR'S CHAPTER 11 CASE

William K. Harrington, the United States Trustee for Region 1 (the "UST"), seeks dismissal of the above-captioned chapter 11 case (the "Motion to Dismiss"). The motion rests largely on the arguments made in the United States Trustee's Motion to Vacate Order Approving Settlement Agreement and Term Sheet (the "Motion to Vacate"). For the reasons set forth in the order denying that motion, issued contemporaneously herewith, those arguments fail.

The UST makes one additional argument not raised in the Motion to Vacate, which is the vague assertion that the "parties have all of the relief they need and the Debtor has no reorganization purpose." The UST cites to In re Capital Food Corp., 490 F.3d 21 (1st Cir. 2007) as support for its argument that lack of a reorganizational purpose constitutes cause for dismissal under 11 U.S.C. § 1112(b)(4). Capital Food Corp. is inapposite to this case because it discusses a lack of reorganizational purpose as just one factor in that court's determination as to whether the debtor filed its petition in good faith. The Court agrees with the Debtor in this case that this is generally the context in which a reorganizational purpose is discussed. La Trinidad Elderly LP SE, 627 B.R. 779, 800 (1st Cir. 2021). As the Debtor notes, the UST has not alleged bad faith here.

      This case has allowed the Debtor to structure its own liquidation in an orderly fashion. Both the Debtor and the secured creditors seek to resolve their controversies through a sale under 11 U.S.C. § 363 which will maximize the value of the estate's sole asset, address the claims of the three remaining creditors, and resolve the controversies outlined in the order denying the Motion to Vacate.  Dismissal would only result in reopening those controversies and adding additional cost and delay to the interested parties.

      For the foregoing reasons, the Motion to Dismiss is hereby DENIED in its entirety.


Dated:  August 13, 2025                              /s/ Peter G. Cary
                                                                   Judge Peter G. Cary
                                                                   United States Bankruptcy Court