**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>THE MARK REAL ESTATE HOLDINGS, LLC,<br><br>        Debtor.[1] | Chapter 11<br><br>Case No. 25-20100 |

**ORDER GRANTING DEBTOR'S MOTION FOR ENTRY OF AN ORDER: (A) APPROVING SALE OF SUBSTANTIALLY ALL ASSETS FREE AND CLEAR, AND (B) GRANTING RELATED RELIEF**

Upon consideration of the above-referenced motion [Docket No. 146] (the "**Sale Motion**") filed by The Mark Real Estate Holdings, LLC, the above-captioned debtor and debtor-in-possession (the "**Debtor**"), which requests an order (this "**Sale Order**") that, among other things, authorizes and approves (a) the sale, assignment, and transfer of certain of the Debtor's assets, including the Debtor's real property and improvements located at 100 US Route 1, Cumberland, Maine (the "**Property**"), to Builders Capital Finance, LLC and/or its designated assignee ("**Purchaser**") upon the terms and conditions set forth in the Purchase and Sale Agreement (including all exhibits and amendments thereto, the "**PSA**") attached hereto as **Exhibit A**,[2] and (b) grants related relief; and this Court having reviewed and considered the Sale Motion and any objections thereto; and this Court having conducted a hearing on the Sale Motion on September 23, 2025 (the "**Sale Hearing**"); and it further appearing the legal and factual bases set forth in the Sale Motion and the record made at the Sale Hearing establish just cause for the relief granted

---

[1] The Mark Real Estate Holdings, LLC's principal place of business is 100 US Route 1, Cumberland, Maine 04021, and the last four digits of its taxpayer identification number are 8757.

[2] Except as otherwise defined herein, or where reference is made to a definition in the Sale Motion, all capitalized terms shall have the meanings ascribed to them in the PSA.

herein; and after due deliberation and sufficient cause therefor:

**THE COURT FINDS AND DETERMINES THAT:**

### Jurisdiction, Final Order, and Statutory Predicates

A.  The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the District Court has authority to refer and has referred this proceeding to this Court.

C.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

D.  Venue over the chapter 11 case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### Retention of Jurisdiction

E.  It is appropriate for this Court to retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Sale Order and the PSA, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to, or affecting, the sale or the transactions contemplated in the this Sale Order and the PSA (the "**Sale Transaction**").

### Business Judgment

F.  The Debtor has demonstrated good, sufficient, and sound business purposes for the Sale Transaction and entry into the PSA.

### Good Faith of Purchaser; No Collusion

G.  The terms and conditions set forth in the PSA are fair, adequate, and reasonable, including the amount of the purchase price, which is found to constitute reasonably equivalent and fair value for the Property.

H.  The Debtor and the Purchaser negotiated the terms and conditions of the PSA in good faith and at arm's length. Purchaser is purchasing the Property and has entered into the PSA

in good faith and is a good faith buyer within the meaning of § 363(m) of the Bankruptcy Code, and is, therefore, entitled to the full protection of that provision.

I. Neither the Debtor nor the Purchaser have engaged in any conduct that would cause or permit the PSA to be avoided under § 363(n) of the Bankruptcy Code.

### **Validity of Transfer**

J. The PSA was not entered into for the purpose of hindering, delaying, or defrauding creditors under the Bankruptcy Code or under the laws of the United States, any of its states, territories, or possessions, or the District of Columbia, or under any other applicable law.

K. The Debtor's right, title, and interest in the Property constitute property of the estate, which is vested in the estate within the meaning of § 541(a) of the Bankruptcy Code.

### **Section 363(f) Is Satisfied**

L. One or more conditions of § 363(f) of the Bankruptcy Code have been satisfied; therefore, the Debtor may sell the Property free and clear of all liens, claims, and interests in and against the Property.

### **Compelling Circumstances for a Prompt Sale**

M. To maximize the value of the Property, it is essential the sale of the Property occur promptly. As such, the Debtor and the Purchaser intend to close the sale of the Property as soon as reasonably practicable. The Debtor has demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification for the timely and efficient approval and consummation of the PSA. Accordingly, there is sufficient cause to waive the stay provided in Bankruptcy Rule 6004(h).

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

### **General Provisions.**

1. **Relief Granted.** The relief requested in the Sale Motion is granted as set forth in this Sale Order.

2. **Objections Overruled; § 363(f)(2) Consent.** All objections, statements, and reservations of rights to the Sale Motion and the relief requested therein that have not been withdrawn, waived, or settled by announcement to this Court during the Sale Hearing or by stipulation filed with this Court, are hereby denied and overruled on the merits. Those parties who received notice of the Sale Motion and did not object, or withdrew their objections, to the Sale Motion are deemed to have consented pursuant to § 363(f)(2) of the Bankruptcy Code.

3. **Sale Order and PSA Binding.** This Sale Order and the PSA shall be binding in all respects upon all known creditors of and holders of equity interests in the Debtor, agents, trustees and collateral trustees, holders of interests in, against, or on the Property, or any portion thereof, all contract counterparties and any other non-debtor parties to any contracts with the Debtor, all successors and assigns of the Debtor, and any subsequent trustees appointed in the chapter 11 case or upon a conversion of the chapter 11 case to one under chapter 7 of the Bankruptcy Code and shall not be subject to rejection or unwinding. This Sale Order shall survive and remain in full force and effect in regard to any chapter 11 plan confirmed in the chapter 11 case, any confirmation order confirming any such chapter 11 plan, any order approving the wind down or dismissal of the chapter 11 case, or any order entered upon the conversion of the chapter 11 case to one under chapter 7 of the Bankruptcy Code.

### Approval of the APA

4. **PSA Approved.** The PSA, and the terms and conditions thereof, are hereby approved. The Debtor and the Purchaser are authorized to enter into the PSA.

5. **Fair Value.** The consideration provided by the Purchaser for the Property under

the PSA is fair and reasonable and shall be deemed for all purposes to constitute reasonably equivalent value, fair value, and fair consideration.

6.  **Authorization to Consummate Transaction.** Pursuant to §§ 105 and 363 of the Bankruptcy Code, the Debtor is authorized and empowered to take any and all actions necessary or appropriate to: (a) consummate the Sale Transaction pursuant to and in accordance with the terms and conditions of the PSA and otherwise comply with the terms of this Sale Order; and (b) execute and deliver, perform under, consummate, implement, and take any and all other acts or actions as may be reasonably necessary or appropriate to the performance of its obligations as contemplated by the PSA.

**Surrender of Assets; Transfer of the Assets Free and Clear of Interests**

7.  **Surrender of Assets by Third Parties.** All persons and entities that are in possession of some or all of the Property on the closing date are directed to surrender possession of such Property to the Purchaser or its designee at the closing.

8.  **Transfer Free and Clear of Claims and Interests.** Pursuant to §§ 105(a) and 363(f) of the Bankruptcy Code, upon the Closing, the Property shall be transferred, assigned, and conveyed to the Purchaser free and clear of any and all liens, claims, interests, and encumbrances except: (i) reservations, easements, restrictions, and covenants of record; (ii) zoning and building laws or ordinances; (iii) any encumbrances or encroachments that an adequate survey of the Property may reveal; (iv) any and all provisions of existing environmental, building, zoning, planning, and land use laws and regulations; (v) governmental redemption rights, if any; (vi) any encroachments, boundary line conflicts, shortages in area or any other matters that would be revealed by a physical inspection or survey of the Real Property; and (vii) any matters set forth in the deed of the Property. All claims and interests discharged pursuant to this paragraph shall to

attach to the net proceeds received by the Debtor ultimately attributable to the Property against, or in, which such interests are asserted, subject to the terms thereof, with the same validity, force, and effect, and in the same order of priority, which such interests now have against the Property, subject to any rights, claims, and defenses that the Debtor or its estate, as applicable, may possess with respect thereto.

9. **Legal, Valid, and Marketable Transfer with Injunction.** The transfer of the Property to the Purchaser constitutes a legal, valid, and effective transfer of good and marketable title of the Property, and vests, or will vest, Purchaser with all right, title, and interest to the Property, free and clear of all interests, except as otherwise expressly stated in this Sale Order.

10. **Cancellation of Third-Party Interests.** If any person that has filed statements or other documents or agreements evidencing interests on or in all or any portion of the Property has not delivered to the Debtor prior to the closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary for the purpose of documenting the release of all interests which such person or entity has or may assert with respect to all or a portion of the Property, then the Debtor or the Purchaser, each acting individually, is authorized to execute and file such statements, instruments, discharges, releases and other documents on behalf of such person with respect to the Property, and each of the Debtor and the Purchaser, each acting individually, are granted limited power of attorney to execute the foregoing in the name of such interest holder. Notwithstanding the foregoing, the provisions of this Sale Order authorizing the transfer of the Property free and clear of all claims and interests shall be self-executing, and it shall not be, or be deemed, necessary for any person to execute or file releases, termination statements, assignments, consents, or other instruments in order for the provisions of this Sale Order to be

implemented.

11. **No Successor Liability.** The Purchaser shall not be liable for any claims against the Debtor or any of its predecessors or affiliates, and the Purchaser shall have no successor or vicarious liabilities of any kind or character.

## Miscellaneous Relief

12. **Effective Immediately**. For cause shown, pursuant to Bankruptcy Rules 6004(h) and 7062, this Sale Order shall not be stayed and shall be effective immediately upon entry, and the Debtor and the Purchaser are authorized to close the Sale as soon as reasonably practicable upon entry of this Sale Order. The Debtor and the Purchaser may consummate the transactions in the PSA at any time after entry of this Sale Order by waiving any and all closing conditions set forth in the PSA that have not been satisfied and by proceeding to close the Sale Transaction.

13. **Order to Govern.** To the extent there are any inconsistencies between the terms of this Sale Order and the PSA, the terms of this Sale Order shall govern.

14. **Taxes**. The transfers authorized by this Sale Order shall not be subject to tax to the fullest extent permitted under applicable bankruptcy and nonbankruptcy law.

15. **Retention of Jurisdiction**. This Court shall retain jurisdiction with respect to the terms and provisions of this Sale Order and the PSA.

Dated:  September 23, 2025           /s/ Peter G. Cary
                                     Peter G. Cary
                                     United States Bankruptcy Judge
                                     District of Maine

**Exhibit A to Sale Order**

**Purchase and Sale Agreement**

## Purchase & Sale Agreement
### Auction 25-100

This Agreement is entered into this 17 day of September, 2025, by and between The Mark Real Estate Holdings, LLC in its capacity as debtor and debtor in possession, hereinafter called (the "SELLER"), and the following hereinafter referred to as (the "BUYER"):

Name: Builders Capital

Address: 1401 Lawrence St #2300

Denver, CO 80202

Telephone No.: 720-799-7453

Email Address: mschuster@polsinelli.com

### Witnesseth

WHEREAS, SELLER is desirous of selling, by bankruptcy auction, all its right, title and interest in and to the property, being land and buildings located at 100 US Route 1 in Cumberland, Cumberland County, Maine. The real estate is more particularly bounded and described in **Exhibit A**, a copy of which is attached hereto and incorporated herein (the "Real Estate" or the "Property").

WHEREAS, BUYER is desirous of purchasing the Property at said sale for the sum of ($15,750,000.) Fifteen million seven hundred fifty thousand and NO/100 ———— Dollars.

NOW THEREFORE, the SELLER, in consideration of ~~the nonrefundable deposit of Five Hundred Thousand Dollars ($500,000.00), receipt of which is hereby acknowledged, plus~~ $ -0- made payable and delivered to Keenan Auction Company, Inc., 2063 Congress Street, Portland, Maine 04102, on or before September 24, 2025, at 4PM, does hereby agree to sell and convey the Property to BUYER for the aggregate sum of $15,750,000.- and BUYER agrees to purchase the same for the said price upon the following terms & conditions:

Purchase & Sale Agreement
Auction 25-100
Page 2

1. The SELLER agrees, at the time of closing and upon receipt of the balance due of the purchase price, to execute and deliver to the BUYER a Quitclaim Deed Without Covenant to the Real Estate.

2. BUYER acknowledges that BUYER has had an opportunity to inspect the Property and that the Property is being conveyed hereby, its entirety, "AS IS, WHERE IS, AND WITH ALL FAULTS", unrepaired and without any express or implied warranties of any kind or nature.

3. BUYER agrees, at closing, to pay SELLER the balance of the purchase price in cash or certified U.S. funds.

4. Financial Capacity: The BUYER represents to the SELLER that it has the financial capacity and financial resources to effect closing within the time specified by and on the terms and conditions provided by this Agreement. The BUYER'S obligation to purchase the property is **not** conditioned, in whole or in part, upon the BUYER'S ability to obtain financing for the purchase effected hereby.

5. Closing shall be held at the offices of the SELLER or at such other location as the BUYER and SELLER may agree upon in writing. Closing shall take place on a date, mutually convenient to the parties, but not in any case later than **twenty eight (28) days** from the date of this Agreement. It is mutually agreed that time is of the essence to this Agreement and said closing.

6. Remedies of SELLER: If BUYER fails to pay the purchase price in full within the time set forth herein and/or fails to comply with any of the provisions of the Agreement, SELLER and Auctioneer, in addition to all other remedies allowed by law or equity, may retain the full deposit as damages. In addition, the Property may be resold in any manner determined by the SELLER, in its sole judgment and discretion, and to any party. Any deficiency, together with all expenses and costs of resale (including attorney's fees) will be paid by the defaulting BUYER. If the BUYER defaults under this Agreement, in addition to other remedies, the Seller shall have the right to assign the BUYER'S rights under this Agreement to a third party.

7. Failure of SELLER to Perform: If the SELLER is unable to convey title as provided in Section 1 of this Agreement, or is unable to perform hereunder for any reason whatsoever beyond SELLER'S control, the sole obligation of the SELLER shall be to refund the BUYER'S earnest money deposit without interest; and upon making such refund, this Agreement shall terminate and the BUYER shall have no further claims against the SELLER.

8. Possession: BUYER shall only be entitled to possession at closing. The Property may be occupied by third parties at the time of the Sale and closing, and the Property is sold subject to any

Purchase & Sale Agreement
Auction 25-100
Page 3

claims such third parties may have to continue possession.

9. Taxes and Other Assessments: Except as provided elsewhere herein, all real property and personal property taxes, including taxes for the current year, any unpaid taxes for any prior year, and any other fees including water and sewer charges due to municipal or quasi-municipal corporations, will be the responsibility of the BUYER.

10. Heating Fuel: Heating fuel will be prorated as of the date of closing based upon the most recent cash price being charged by the fuel company that made the last delivery. The closing day will be counted as a Seller day.

11. Transfer Taxes: Because the deed will be delivered pursuant to the United States Bankruptcy Code, it is expected that the real estate transaction under this agreement will be exempt from transfer taxes (36 MRS 4641-C(14)). However, if such taxes are owed, all real estate transfer taxes shall be the responsibility of the BUYER at closing.

12. The attached Terms and Conditions of Sale are incorporated herein by reference.

13. Risk of Loss: The risk of loss with respect to the property shall be with the SELLER until Closing occurs.

14. Public Auction Bid Price Disclosure: The SELLER and BUYER authorize the Auctioneer, its agents and employees, to disclose the public auction bid prices and any information required pursuant to Federal Rule of Bankruptcy Procedure 6004 to any party prior to the actual closing date, and in the event of a non-confirmed, canceled, or defaulted sale. The sale is subject to entry of an order issued by the United States Bankruptcy Court for the District of Maine approving the sale.

15. Release: In consideration of the benefits granted to the BUYER pursuant to this Agreement, the BUYER, on the one hand, hereby releases the SELLER, the Auctioneer, and their respective officers, directors, principals, attorneys, successors, and assigns, on the other hand, from any and all claims, actions, causes of actions, omissions, damages, and suits at law or in equity, however arising, whether known or unknown, and whether now existing or hereafter arising, relating to this Agreement or the subject hereof, including the marketing and conduct of the auction.

16. Entire Agreement: This Agreement represents the entire understanding and agreement of the parties hereto, and the SELLER and the BUYER acknowledge that neither is relying upon any statement or representation, written or oral, of any party of person which has not been embodied in this Agreement.

Purchase & Sale Agreement
Auction 25-100
Page 4

IN WITNESS WHEREOF the parties have hereunto set their hands on the date first mentioned.

SELLER:

_____
By: Edward Piazza
Its: Manager

BUYER:

_____
By: Michael Schuster
Its: Attorney

_____
WITNESS John Mansour

_____
WITNESS

DOC:13361 BK:41394 PG:33

# EXHIBIT A

A certain parcel of land situated on the westerly side of U.S. Route 1 in the Town of Cumberland, County of Cumberland, State of Maine being bounded and described as follows:

Beginning on the westerly sideline of U.S. Route 1 at land now or formerly of Ledgeview Properties, LLC as described in a deed recorded in Book 17591 Page 242 in the Cumberland County Registry of Deeds;

THENCE N 45° 48' 00" W, by and along land of Ledgeview Properties, LLC, a distance of 209.98 feet to capped rebar;

THENCE S 54° 59' 52" W, by and along land of Broad Cove Ridge LLC, a distance of 95.03 feet to land of Ledgeview Properties, LLC to drill hole;

THENCE N 54° 42' 05" W, by and along land of Ledgeview Properties, LLC, a distance of 200.62 feet to capped rebar;

THENCE N 25° 46' 37" E, by and along the southeasterly sideline of interstate 95, a distance of 356.62 feet to capped rebar;

THENCE continuing N 25° 46' 37" E, by and along the southeasterly sideline of Interstate 95, a distance of 17.95 feet to land now or formerly of Glenn S. Porter and Sandra L. Porter as described in a deed recorded in Book 10526 Page 233 in the Cumberland County Registry of Deeds;

THENCE S 55° 51' 33" E, by and along land of Glenn S. Porter and Sandra L. Porter, a distance of 364.92 feet to a capped rebar set in the westerly sideline of U.S. Route 1;

THENCE S 12° 04' 36" W, by and along the westerly sideline of U.S. Route One, a distance of 348.00 feet to the Point of Beginning.

The parcel contains approximately 3.16 acres.

Bearings are Magnetic 1991.

The foregoing premises are conveyed subject to the following:

1. A certain one hundred foot wide beautification easement adjoining the easterly sideline of interstate I-95 as taken by the State of Maine in a Notice of Layout and Taking dated May 28, 1969 and recorded in the Cumberland County Registry of Deeds in Book 3087, Page 593 and further depicted on a Standard Boundary Survey made for the Estate of Janet Lowe Palmer dated December 12, 1986 and recorded in said Registry

DOC:13361  BK:41394  PG:34
RECEIVED - RECORDED, CUMBERLAND COUNTY REGISTER OF DEEDS
04/22/2025, 08:40:18A
Register of Deeds Jessica M. Spaulding  E-RECORDED

of Deeds in Plan Book 161 Page 23.

2. A certain easement for the location and maintenance of a leach bed drainage plume as described in Warranty Deed from Frederick B. Jensen and Darlene E. Jensen to Ledgeview Properties, LLC dated May 1, 2002 and recorded in the Cumberland County Registry of Deeds in Book 17591, Page 242.

Meaning and intending to convey, and hereby conveying, all and the same premises conveyed in a Quitclaim Deed from Broad Cove Ridge, LLC to Cumberland Foreside Partners LLC dated October 26, 2021 and recorded in Book 38823, Page 115 of the Cumberland Country Registry of Deeds.

## Terms and Conditions of Sale
## Real Estate Auction
### Sale By Order of United States Bankruptcy Court for the District of Maine

1.    <u>Date/Place of Sale</u>: The Property shall be sold, subject to these terms and conditions, on September 17, 2025, commencing at 11:00 a.m. at 100 US Route 1 in Cumberland, Maine.

2.    <u>Terms of Sale</u>:

    a.    The sale is subject to all of those terms set forth in the advertisements of the sale, including, but not limited to, the terms set forth below. Additional terms may be announced orally at the time of the sale.

    b.    The Property shall be sold subject to and with the benefit of all development rights, easements, appurtenances, restrictive covenants, rights of way of record, and any easements, restrictions and rights of way which are of record or which are visible upon the face of the earth or as set forth in the Purchase and Sale Agreement, a copy of which is available from the auctioneer.

    c.    The real estate and improvements (the "**Property**") will be sold "**AS IS, WHERE IS, AND WITH ALL FAULTS.**" The Mark Real Estate Holdings, LLC in its capacity as debtor and debtor in possession (the "**Seller**") assumes that bidders have inspected the Property prior to the sale. The Property is offered for sale "**AS IS, WHERE IS, AND WITH ALL FAULTS**" **unrepaired and without any express or implied warranties of any kind or nature.** Square footage dimensions are approximate and should be independently verified prior to bidding. The Seller, its agents and subagents, assume no liability for errors or omissions in these Terms and Conditions of Sale or in any of the property listings or advertising materials, or in any representations made by any party. Although information has been obtained from sources deemed reliable, the auctioneer makes no guarantees as to the accuracy of the information herein contained or in any other property listing or advertising materials. Any information provided regarding the Property is for informational purposes only, and cannot be relied upon for any purpose. No representations or warranties are made regarding any matter including, without limitation, the accuracy or completeness of any information or materials provided or any comments made by the auctioneer or by the Seller or by any other party, regarding the environmental, structural or mechanical condition of the Property.

    d.    A deposit to bid of **$500,000.00** must be left with the auctioneer prior to the sale. The deposit must be in the form of Certified U.S. Funds, made payable to the auctioneer and increased to **5.00%** of the final purchase price within 5 business days of the auction. The deposit to bid is nonrefundable as to the high bidder. Unsuccessful bidders' deposits will be returned immediately after the auction, unless designated as the backup bidder.

e.  Buyer's Premium: There will be a **five percent (5.0%) buyer's premium** added to the high bid price to equate the final purchase price.

f.  Taxes and Other Assessments: Except as provided elsewhere herein, all real estate and personal property taxes, including taxes for the current year and any unpaid real estate taxes for any prior year, and any other fees including water and sewer charges due to municipal or quasi-municipal corporations will be the responsibility of the Buyer. The Buyer will be responsible for any sales tax as set forth in the Purchase and Sale Agreement.

g.  Heating Fuel: Heating fuel will be prorated as of the date of closing based upon the most recent cash price being charged by the fuel company that made the last delivery. The closing day will be counted as a Seller day.

h.  The balance of the purchase price will be due at the Closing of the sale of the Property, which shall occur on or before **twenty eight (28)** days from the date of the public sale. At the Closing, the Buyer shall pay the balance of the purchase price, in certified U.S. funds.

i.  The deed to the Property will be Quitclaim Deed Without Covenant. The high bidder shall at his/her cost pay all real estate transfer taxes (including the Seller's share, if any), whether assessed to purchaser or Seller.

j.  The sale is subject to all of the terms set forth in the Purchase and Sale Agreement, the form of which is included in the Property Information Package, as well as subject to entry of an order issued by the United States Bankruptcy Court for the District of Maine approving the sale.

k.  If Buyer fails to pay the purchase price in full within the time set forth herein and/or fails to comply with any of the provisions of the Agreement, Seller and Auctioneer, in addition to all other remedies allowed by law or equity, may retain the full deposit as damages. In addition, the Property may be resold in any manner determined by the Seller, in its sole judgment and discretion, and to any party. Any deficiency, together with all expenses and costs of resale (including attorney's fees) will be paid by the defaulting Buyer. If the Buyer defaults under this Agreement, in addition to other remedies, the Seller shall have the right to assign the Buyer's rights under this Agreement to a third party.

l.  The Seller and the auctioneer reserve the right, and subject to applicable provisions of Maine Law, to: (i) refuse to accept any irregular bids or bids that do not comply with the terms of sale; (ii) hold periodic recesses in the sale process; (iii) amend the terms of sale orally or in writing, as they deem to be in the best interest of the Seller.

m.  A record of bidding will be maintained by the Seller and/or the auctioneer for their own use.

n.  The auction is with reserve and the sale is subject to confirmation of the Seller.

3. Auction Procedure: Open and verbal. Unless otherwise stated, announcements made on the day of the sale will be subject to all printed material. The method, order of sale, and bidding increments shall be at the sole discretion of the auctioneer. The auctioneer will acknowledge the high bidder at the conclusion of the sale. The high bidder will be required to enter into a purchase and sale agreement with the Seller at the conclusion of the auction.

4. Disclaimer: All bidders are invited to inspect the Property and the public records pertaining thereto prior to making a bid. No warranties, guarantees or representations of any kind are made, and all warranties are disclaimed with respect to any improvements located on the Property, including improvements located underground, the location and/or boundaries of the Property or improvements thereon, title to the Property, environmental compliance, or compliance with any applicable zoning, land use or hazardous waste regulations, laws or ordinances. The Buyer shall assume responsibility and expense for any title search, title examination or title insurance. THE SELLER/AUCTIONEER EXPRESSLY AND SPECIFICALLY MAKES NO, AND SHALL MAKE NO, REPRESENTATIONS OR WARRANTIES REGARDING HAZARDOUS OR TOXIC WASTE, SUBSTANCES, MATTERS OR MATERIALS, AS THOSE TERMS MAY BE DEFINED FROM TIME TO TIME BY APPLICABLE STATE, LOCAL AND FEDERAL LAWS, STORED OR OTHERWISE LOCATED ON THE PROPERTY.

5. Risk of Loss: The risk of loss with respect to the Property shall be with the SELLER until the Closing shall occur.

6. Possession: Buyer shall only be entitled to possession at closing as set forth in the Purchase and Sale Agreement.

7. Applicable Law: You have signed a written binding contract agreeing to the Terms and Conditions of Sale, and understand that any bid you make falls under the Maine Auction Law, Title 11, Section 2-328 of the Uniform Commercial Code, and the Statute of Frauds. Maine auctions are under the jurisdiction of the State of Maine Department of Professional and Financial Regulations, Board of Licensure of Auctioneers, 35 State House Station, Augusta, Maine, 04330.

8. Bidder's Card: By signing for a bid number, the bidder has signed a written and binding contract agreeing to all of the terms and conditions set forth herein. If you do not agree with any of the terms or conditions set forth above, please return your bid number to the auctioneer immediately.

9. Absentee Bids: Absentee or Proxy Bids are subject to all Terms and Conditions of Sale as listed herein or announced at the public sale. Any party submitting a proxy bid must be available, or have a representative available, to execute a Purchase and Sale Agreement at the time of the Sale, and such representative must provide documentation satisfactory to Auctioneer and/or Seller that the representative is duly and appropriately authorized to act on behalf of the parties submitting the proxy bid.

10. <u>Conflict With Purchase and Sale Agreement</u>: In the event of a conflict between these Terms and Conditions of Sale and the terms of the Purchase and Sale Agreement executed by the Seller and the successful bidder, the Purchase and Sale Agreement shall control.

11. <u>Public Auction Bid Price Disclosure</u>: The Seller and Buyer authorize the Auctioneer, its agents and employees, to disclose the public auction bid prices and any information required pursuant to Federal Rule of Bankruptcy Procedure 6004 to any party prior to the actual closing date, and in the event of a non-confirmed, canceled, or defaulted sale.

12. <u>Lead-based Paint and/or Lead-based Paint Hazards</u>: Purchaser hereby acknowledges that he/she has waived the opportunity to conduct a risk assessment or inspection for the presence of lead-based paint and/or lead-based paint hazards and has received a copy of the U.S. Environmental Protection Agency's pamphlet entitled "Protect Your Family From Lead In Your Home."

United States Bankruptcy Court
District of Maine

In re:     Case No. 25-20100-pgc
The Mark Real Estate Holdings, LLC     Chapter 11
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0100-2     User: admin     Page 1 of 2
Date Rcvd: Sep 23, 2025     Form ID: pdf901     Total Noticed: 1

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 25, 2025:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | The Mark Real Estate Holdings, LLC, 100 US Route 1, Cumberland, ME 04021 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 25, 2025     Signature:     /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 23, 2025 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Aaron P. Burns, Esq. | on behalf of Creditor James A. McBrady Inc. aburns@pearcedow.com, rpearce@pearcedow.com |
| Adam R. Prescott, Esq. | on behalf of Debtor The Mark Real Estate Holdings LLC aprescott@bernsteinshur.com, sbaker@bernsteinshur.com;kflynn@bernsteinshur.com |
| Andre Duchette, Esq. | on behalf of Creditor Chase Excavating aduchette@tmfattorneys.com mchilds@tmfattorneys.com |
| Andrew Helman, Esq. | on behalf of Creditor Builders Capital Finance LLC andrew.helman@dentons.com, tiffany.babcock@dentons.com;samantha.hayes@dentons.com |
| Ann Marie Dirsa, Esq. | on behalf of U.S. Trustee Office of U.S. Trustee ann.marie.dirsa@usdoj.gov |
| Bodie B. Colwell, Esq. | on behalf of Creditor Optimum Building Systems LLC bcolwell@preti.com, sbarrington@preti.com |
| Carter Wallace, Esq. | on behalf of Creditor Builders Capital Finance LLC cwallace@polsinelli.com |

| | | |
|---|---|---|
| District/off: 0100-2 | User: admin | Page 2 of 2 |
| Date Rcvd: Sep 23, 2025 | Form ID: pdf901 | Total Noticed: 1 |

Daniel L. Rosenthal, Esq.
on behalf of Creditor Timberland Drywall  Inc. drosenthal@marcusclegg.com, bankruptcy@marcusclegg.com;federalcourt@marcusclegg.com;kstone@marcusclegg.com

David Perkins, Esq.
on behalf of Creditor Seabee Electric  Inc. dperkins@curtisthaxter.com, jwashburn@curtisthaxter.com

David C. Johnson, Esq.
on behalf of Creditor Timberland Drywall  Inc. bankruptcy@marcusclegg.com, dcj@marcusclegg.com;mmm@marcusclegg.com

Eric K. Bradford, Esq.
on behalf of U.S. Trustee Office of U.S. Trustee Eric.K.Bradford@USDOJ.gov

Heather A Sprague, Esq.
on behalf of U.S. Trustee Office of U.S. Trustee heather.sprague@usdoj.gov

Jeremy R. Fischer, Esq.
on behalf of Creditor Titan Funding  LLC jfischer@dwmlaw.com, chunter@dwmlaw.com;mveilleux@dwmlaw.com

Kellie W. Fisher, Esq.
on behalf of Creditor Titan Funding  LLC kfisher@dwmlaw.com, chunter@dwmlaw.com

Kyle D. Smith, Esq.
on behalf of Creditor Builders Capital Finance  LLC kyle.d.smith@dentons.com, samantha.hayes@dentons.com

Matthew Altieri, Esq.
on behalf of Creditor DeStefano & Associates  Inc. maltieri@pierceatwood.com, pholmes@pierceatwood.com

Michael Schuster, Esq.
on behalf of Creditor Builders Capital Finance  LLC mschuster@polsinelli.com

Office of U.S. Trustee
ustpregion01.po.ecf@usdoj.gov

Sandra Nicholls, Esq.
on behalf of U.S. Trustee Office of U.S. Trustee sandra.nicholls@usdoj.gov

TOTAL: 19