**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re: <br><br> THE MARK REAL ESTATE HOLDINGS, LLC, <br><br>         Debtor.[1] | Chapter 11 <br><br> Case No. 25-20100 |

**AMENDED ORDER GRANTING DEBTOR'S MOTION FOR ENTRY OF AN ORDER: (A) APPROVING SALE OF SUBSTANTIALLY ALL ASSETS FREE AND CLEAR, AND (B) GRANTING RELATED RELIEF**

Upon consideration of the above-referenced motion [Docket No. 146] (the "**Sale Motion**") filed by The Mark Real Estate Holdings, LLC, the above-captioned debtor and debtor-in-possession (the "**Debtor**"), which requests an order (this "**Sale Order**") that, among other things, authorizes and approves (a) the sale, assignment, and transfer of certain of the Debtor's assets, including the Debtor's real property and improvements located at 100 US Route 1, Cumberland, Maine (the "**Property**"), to ~~Builders Capital Finance, LLC~~Titan Funding, LLC and/or its designated assignee ("**Purchaser**") upon the terms and conditions set forth in the Backup Purchase and Sale Agreement (including all exhibits and amendments thereto, the "**PSA**") attached hereto as **Exhibit A**,[2] and (b) grants related relief; and this Court having reviewed and considered the Sale Motion and any objections thereto; and this Court having conducted a hearing on the Sale Motion on September 23, 2025 (the "**Sale Hearing**"); and it further appearing the legal and factual bases set forth in the Sale Motion and the record made at the Sale Hearing establish just cause for

---

[1] The Mark Real Estate Holdings, LLC's principal place of business is 100 US Route 1, Cumberland, Maine 04021, and the last four digits of its taxpayer identification number are 8757.

[2] Except as otherwise defined herein, or where reference is made to a definition in the Sale Motion, all capitalized terms shall have the meanings ascribed to them in the PSA.

the relief granted herein; and after due deliberation and sufficient cause therefor:

**THE COURT FINDS AND DETERMINES THAT:**

### Jurisdiction, Final Order, and Statutory Predicates

A. The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the District Court has authority to refer and has referred this proceeding to this Court.

C. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

D. Venue over the chapter 11 case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### Retention of Jurisdiction

E. It is appropriate for this Court to retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Sale Order and the PSA, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to, or affecting, the sale or the transactions contemplated in this Sale Order and the PSA (the "**Sale Transaction**").

### Business Judgment

F. The Debtor has demonstrated good, sufficient, and sound business purposes for the Sale Transaction and entry into the PSA.

### Good Faith of Purchaser; No Collusion

G. The terms and conditions set forth in the PSA are fair, adequate, and reasonable, including the amount of the purchase price, which is found to constitute reasonably equivalent and fair value for the Property.

H. The Debtor and the Purchaser negotiated the terms and conditions of the PSA in good faith and at arm's length. Purchaser is purchasing the Property and has entered into the PSA

in good faith and is a good faith buyer within the meaning of § 363(m) of the Bankruptcy Code, and is, therefore, entitled to the full protection of that provision.

  I. Neither the Debtor nor the Purchaser have engaged in any conduct that would cause or permit the PSA to be avoided under § 363(n) of the Bankruptcy Code.

## Validity of Transfer

  J. The PSA was not entered into for the purpose of hindering, delaying, or defrauding creditors under the Bankruptcy Code or under the laws of the United States, any of its states, territories, or possessions, or the District of Columbia, or under any other applicable law.

  K. The Debtor's right, title, and interest in the Property constitute property of the estate, which is vested in the estate within the meaning of § 541(a) of the Bankruptcy Code.

## Section 363(f) Is Satisfied

  L. One or more conditions of § 363(f) of the Bankruptcy Code have been satisfied; therefore, the Debtor may sell the Property free and clear of all liens, claims, and interests in and against the Property.

## Compelling Circumstances for a Prompt Sale

  M. To maximize the value of the Property, it is essential the sale of the Property occur promptly. As such, the Debtor and the Purchaser intend to close the sale of the Property as soon as reasonably practicable. The Debtor has demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification for the timely and efficient approval and consummation of the PSA. Accordingly, there is sufficient cause to waive the stay provided in Bankruptcy Rule 6004(h).

  **NOW, THEREFORE, IT IS HEREBY <u>ORDERED</u>, <u>ADJUDGED</u>, AND <u>DECREED</u> THAT:**

## General Provisions.

1. **Relief Granted.** The relief requested in the Sale Motion is granted as set forth in this Amended Sale Order. This Amended Sale Order shall amend and supersede the *Order Granting Debtor's Motion for Entry of an Order: (A) Approving Sale of Substantially all Assets Free and Clear, and (B) Granting Related Relief* [Docket No. 194].

2. **Objections Overruled; § 363(f)(2) Consent.** All objections, statements, and reservations of rights to the Sale Motion and the relief requested therein that have not been withdrawn, waived, or settled by announcement to this Court during the Sale Hearing or by stipulation filed with this Court, are hereby denied and overruled on the merits. Those parties who received notice of the Sale Motion and did not object, or withdrew their objections, to the Sale Motion are deemed to have consented pursuant to § 363(f)(2) of the Bankruptcy Code.

3. **Sale Order and PSA Binding.** This Sale Order and the PSA shall be binding in all respects upon all known creditors of and holders of equity interests in the Debtor, agents, trustees and collateral trustees, holders of interests in, against, or on the Property, or any portion thereof, all contract counterparties and any other non-debtor parties to any contracts with the Debtor, all successors and assigns of the Debtor, and any subsequent trustees appointed in the chapter 11 case or upon a conversion of the chapter 11 case to one under chapter 7 of the Bankruptcy Code and shall not be subject to rejection or unwinding. This Sale Order shall survive and remain in full force and effect in regard to any chapter 11 plan confirmed in the chapter 11 case, any confirmation order confirming any such chapter 11 plan, any order approving the wind down or dismissal of the chapter 11 case, or any order entered upon the conversion of the chapter 11 case to one under chapter 7 of the Bankruptcy Code.

## Approval of the APA

4. **PSA Approved.** The PSA, and the terms and conditions thereof, are hereby

approved.  The Debtor and the Purchaser are authorized to enter into the PSA.

5. **Fair Value.**  The consideration provided by the Purchaser for the Property under the PSA is fair and reasonable and shall be deemed for all purposes to constitute reasonably equivalent value, fair value, and fair consideration.

6. **Authorization to Consummate Transaction.**  Pursuant to §§ 105 and 363 of the Bankruptcy Code, the Debtor is authorized and empowered to take any and all actions necessary or appropriate to: (a) consummate the Sale Transaction pursuant to and in accordance with the terms and conditions of the PSA and otherwise comply with the terms of this Sale Order; and (b) execute and deliver, perform under, consummate, implement, and take any and all other acts or actions as may be reasonably necessary or appropriate to the performance of its obligations as contemplated by the PSA.

**Surrender of Assets; Transfer of the Assets Free and Clear of Interests**

7. **Surrender of Assets by Third Parties.**  All persons and entities that are in possession of some or all of the Property on the closing date are directed to surrender possession of such Property to the Purchaser or its designee at the closing.

8. **Transfer Free and Clear of Claims and Interests.**  Pursuant to §§ 105(a) and 363(f) of the Bankruptcy Code, upon the Closing, the Property shall be transferred, assigned, and conveyed to the Purchaser free and clear of any and all liens, claims, interests, and encumbrances except: (i) reservations, easements, restrictions, and covenants of record; (ii) zoning and building laws or ordinances; (iii) any encumbrances or encroachments that an adequate survey of the Property may reveal; (iv) any and all provisions of existing environmental, building, zoning, planning, and land use laws and regulations; (v) governmental redemption rights, if any; (vi) any encroachments, boundary line conflicts, shortages in area or any other matters that would be

revealed by a physical inspection or survey of the Real Property; and (vii) any matters set forth in the deed of the Property. All claims and interests discharged pursuant to this paragraph shall to attach to the net proceeds received by the Debtor ultimately attributable to the Property against, or in, which such interests are asserted, subject to the terms thereof, with the same validity, force, and effect, and in the same order of priority, which such interests now have against the Property, subject to any rights, claims, and defenses that the Debtor or its estate, as applicable, may possess with respect thereto.

9. **Legal, Valid, and Marketable Transfer with Injunction.** The transfer of the Property to the Purchaser constitutes a legal, valid, and effective transfer of good and marketable title of the Property, and vests, or will vest, Purchaser with all right, title, and interest to the Property, free and clear of all interests, except as otherwise expressly stated in this Sale Order.

10. **Cancellation of Third-Party Interests.** If any person that has filed statements or other documents or agreements evidencing interests on or in all or any portion of the Property has not delivered to the Debtor prior to the closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary for the purpose of documenting the release of all interests which such person or entity has or may assert with respect to all or a portion of the Property, then the Debtor or the Purchaser, each acting individually, is authorized to execute and file such statements, instruments, discharges, releases and other documents on behalf of such person with respect to the Property, and each of the Debtor and the Purchaser, each acting individually, are granted limited power of attorney to execute the foregoing in the name of such interest holder. Notwithstanding the foregoing, the provisions of this Sale Order authorizing the transfer of the Property free and clear of all claims and interests shall be self-executing, and it shall

not be, or be deemed, necessary for any person to execute or file releases, termination statements, assignments, consents, or other instruments in order for the provisions of this Sale Order to be implemented.

11.    **No Successor Liability.**  The Purchaser shall not be liable for any claims against the Debtor or any of its predecessors or affiliates, and the Purchaser shall have no successor or vicarious liabilities of any kind or character.

## Miscellaneous Relief

12.    **Effective Immediately**.  For cause shown, pursuant to Bankruptcy Rules 6004(h) and 7062, this Sale Order shall not be stayed and shall be effective immediately upon entry, and the Debtor and the Purchaser are authorized to close the Sale as soon as reasonably practicable upon entry of this Sale Order.  The Debtor and the Purchaser may consummate the transactions in the PSA at any time after entry of this Sale Order by waiving any and all closing conditions set forth in the PSA that have not been satisfied and by proceeding to close the Sale Transaction. BC is hereby ordered to provide wire instructions to Titan.  Should BC not provide wire instructions to Titan before close of business on Thursday, November 13, 2025, Titan shall wire the funds into the Debtor's DIP account, but the sale shall be deemed closed.

13.    **Order to Govern.**  To the extent there are any inconsistencies between the terms of this Sale Order and the PSA, the terms of this Sale Order shall govern.

14.    **Taxes**.  The transfers authorized by this Sale Order shall not be subject to tax to the fullest extent permitted under applicable bankruptcy and nonbankruptcy law.

15.    **Retention of Jurisdiction**. This Court shall retain jurisdiction with respect to the terms and provisions of this Sale Order and the PSA.

Dated: _____

Peter G. Cary
United States Bankruptcy Judge
District of Maine

**Exhibit A to Sale Order**

**Backup Purchase and Sale Agreement**