**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>**COZY HARBOR SEAFOOD, INC.,<br>CASCO BAY LOBSTER CO., INC., and<br>ART'S LOBSTER CO., INC.,**<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-20160<br><br>(Jointly Administered) |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' RESPONSE IN SUPPORT AND RESERVATION OF RIGHTS TO THE DEBTORS' MOTION FOR ENTRY OF AN ORDER (A) APPROVING SALE OF SUBSTANTIALLY ALL ASSETS FREE AND CLEAR, (B) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES, AND (C) GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "Committee") of Cozy Harbor Seafood, Inc., Casco Bay Lobster Co., Inc., and Art's Lobster Co., Inc. (the "Debtors"), by and through undersigned counsel, files this response in support and reservation of rights (this "Response"), to the Debtors' *Motion for Entry of: (I) Order (A) Approving Bid Procedures, (B) Scheduling Auction and Sale Hearing, (C) Approving Form and Manner of Notice Thereof, (D) Approving Procedures for Assumption and Assignment of Contracts and Leases; and (E) Granting Related Relief; and (II) Order (A) Approving Sale of Substantially All Assets Free and Clear; (B) Authorizing Assumption and Assignment of Contracts and Leases, and (C) Granting Related Relief* [Dkt. No. 112] (the "Sale Motion").[2] In further response to the Sale Motion, the Committee respectfully states as follows:

---

[1] The last four digits of the federal taxpayer identification numbers for the debtors are as follows: Cozy Harbor Seafood, Inc.: 8494; Casco Bay Lobster Co., Inc.: 0247; and Art's Lobster Co., Inc.: 1363. The principal place of business for the debtors is 75 St. John Street, Portland, ME 04102.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Sale Motion.

25186391.v3

## RESPONSE AND RESERVATION OF RIGHTS

1.      The Committee does not oppose the proposed sale of the Debtors' business assets to Aquashell USA, LLC (the "Purchaser") on the terms set forth in the Asset Purchase Agreement (the "APA") [Dkt. No. 242] filed by the Debtors on October 20, 2025.  Although disappointed that the sale process has resulted in an outcome that leaves general unsecured creditors with little to no distribution, the Committee is also mindful of the fact that the deal is projected to yield funds for trade creditors that hold priority claims by virtue of sections 503(b)(9) and 507(a)(2) of the Bankruptcy Code.  The Committee also recognizes that the sale is projected to return similar value with less risk than other alternatives considered by the Debtors, including a wind-down of operations and liquidation of all assets, and preserves the going-concern value of the Debtors' businesses with all attendant benefits to continuing suppliers, vendors, employees, and Maine's fisheries and seafood industry.

2.      As noted at the hearing on October 21, 2025, the only remaining issue, from the Committee's position, was the demand from certain non-debtor affiliates and insiders to obtain estate releases as part of the sale.  On October 21, 2025, the Debtors filed the First Addendum to the APA (the "First Addendum") [Dkt. No. 243], through which the Debtors and the Purchaser agreed that they may, at their option, terminate the sale if certain non-debtor affiliates and insiders did not receive releases from any and all estate causes of action that may exist.  Based on representations made by the Debtors, and consistent with the *Debtors' Notice Regarding Mootness and Waiver of First Addendum to Asset Purchase Agreement* [Dkt. No. 266] filed by the Debtors today, the Committee understands that the Debtors have waived this condition to the sale.  As a result, the Committee has no remaining objections to the sale, and believes that the Sale Motion should be approved.

25186391.v3

## **RESERVATION OF RIGHTS**

3.      The Committee understands that the Debtors and the Purchaser may, in advance of the final hearing on the Sale Motion, file a revised form of Sale Order [Dkt. No. 195]. Accordingly, the Committee expressly reserves all rights, claims, arguments, defenses, and remedies with respect to the Sale Motion or proposed Sale Order, or any other issue in this chapter 11 case. The Committee further reserves the right to supplement, modify, or amend this Response or raise additional objections orally or in writing at any hearing pursuant to the Sale Motion.

Dated: October 28, 2025

*/s/ Andrew C. Helman*
Andrew C. Helman
Kyle D. Smith
Troy A. Lawrence (admitted *pro hac vice*)
Dentons Bingham Greenebaum LLP
One City Center, Suite 11100
Portland, Maine 04101
Telephone:    (207) 810-4955
Email: andrew.helman@dentons.com
        kyle.d.smith@dentons.com
        troy.lawrence@dentons.com

*Counsel to the Official Committee of Unsecured Creditors*

**CERTIFICATE OF SERVICE**

      I, Andrew C. Helman, an individual eighteen years of age or older, hereby certify that on the date set forth below, I caused the foregoing document to be served on all parties receiving notice and service in this case through the Court's CM/ECF electronic filing service, which served the same on the parties receiving notice via the CM/ECF system as identified on the Electronic Service List set forth below.

Dated: October 28, 2025            Respectfully submitted,

**DENTONS BINGHAM GREENEBAUM LLP**

*/s/ Andrew C. Helman*
Andrew C. Helman
Kyle D. Smith
Troy A. Lawrence (admitted *pro hac vice*)
Dentons Bingham Greenebaum LLP
One City Center, Suite 11100
Portland, ME  04101
Phone: (207) 810-4955
Email: andrew.helman@dentons.com
      kyle.d.smith@dentons.com
      troy.lawrence@dentons.com

*Counsel for the Official Committee of Unsecured Creditors*